# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DARRELL LAMAR COLEMAN, | ) | Case No. 4:24-cv-01544 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| MADERITZ CONCRETE CO., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Darrell Lamar Coleman objects to the Magistrate Judge's denial of his motion for appointment of counsel and requests that the Court appoint counsel for him. For the following reasons, the Court **OVERRULES** Plaintiff's objection to the Magistrate Judge's Order denying appointment of counsel.

## BACKGROUND

Representing himself without a lawyer, Mr. Coleman filed suit under 42 U.S.C. § 1983 against various Defendants. On December 30, 2024, Plaintiff moved for appointment of counsel. (ECF No. 10.) On January 7, 2025, the Court referred the case to the Magistrate Judge who denied Plaintiff's motion for appointment of counsel as unnecessary to ensuring the fair adjudication of Plaintiff's claims. (ECF No. 14, PageID #100.) Petitioner objects to the Magistrate Judge's denial of appointment of counsel and, under 28 U.S.C. § 636(b)(1), requests *de novo* review of the order denying Petitioner's appointment of counsel. (ECF No. 22.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge may "hear and determine any pretrial matter pending before the court," with certain exceptions not relevant here. Under this statute, a federal district judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.* Accordingly, an order of a magistrate judge does not receive *de novo* review. Instead, courts review a magistrate judge's order under Section 636(b)(1)(A) for clear error.

In support of his request for de novo review, Plaintiff cites language from 28 U.S.C. § 636(b)(1)(C). (ECF No. 22, PageID #131.) That subsection of the statute, however, governs reports and recommendations for dispositive matters such as a motion to dismiss or for summary judgment. *See* 28 U.S.C. § 636(b)(1)(B). A motion for appointment of counsel is not a dispositive matter subject to de novo review. *See id.* § 636(b)(1)(A). Therefore, the standard of review set forth in Section 636(b)(1)(A) controls, and the Court reviews to determine whether "the magistrate judge's order is clearly erroneous or contrary to law." *Id.*

## ANALYSIS

In his objection, Plaintiff acknowledges that the appointment of counsel for civil matters "is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606. (ECF No. 22, PageID #133.) Appointment of counsel in civil cases is not a constitutional right. When determining whether

exceptional circumstances exist, courts examine "the complexity of the factual and legal issues involved" and "the abilities of the plaintiff to represent himself." *Id.*

The Court has no doubt that Mr. Coleman, like most litigants, would benefit from the assistance of an attorney—though he has proceeded intelligently, articulately, and diligently thus far. Given the Court's limited resources, however, the circumstances in this case are not so exceptional as to warrant the appointment of counsel. To the extent that Plaintiff is concerned about Defendants unlawfully opening his legal mail outside his presence, he should pursue his administrative remedies at his facility. Counsel is not needed to communicate this request or to report any allegation of retaliation Mr. Coleman might want to make.

Further, Plaintiff states that the institution where he is incarcerated does not provide lists of attorneys offering *pro bono* services. (ECF No. 22., PageID #134.) The Court recognizes that it is very difficult to acquire representation while incarcerated. However, the Court sees no clear error or manifest injustice in the Magistrate Judge's ruling. No exceptional circumstance warrants reaching a different conclusion.

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objection (ECF No. 22).

**SO ORDERED.**

Dated:  February 21, 2025

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio