UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DARRELL LAMAR COLEMAN, | Case No. 4:24-cv-1544 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jonathan D. Greenberg |
| MADERITZ CONCRETE CONSTRUCTION, INC., *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Plaintiff Lamar Coleman, an inmate representing himself, filed suit under 42 U.S.C. § 1983 against a concrete company, the Ohio Department of Rehabilitation and Correction, and two correctional officers based on injuries sustained during another's inmate's attack on him using construction materials left unattended. In an opinion and order dated October 11, 2025, the Court granted the motion for judgment on the pleadings of the Ohio Department of Rehabilitation and Correction and the correctional officers. (ECF No. 52.) Also, the Court declined to exercise jurisdiction over Plaintiff's State-law claims against the concrete company and dismissed those claims without prejudice.

In granting Defendants' motion for judgment on the pleadings, the Court noted the closeness of the question on the record presented, even under the high standard for deliberate indifference and failure to protect. (*Id.*, PageID #399.) Based on that observation, Plaintiff timely moves for reconsideration under Rule 59 of the Federal

Rules of Civil Procedure. (ECF No. 54, PageID #412.) Further, he argues that the allegations in the amended complaint meet both the subjective and objective components of the standard under *Farmer v. Brennan*, 511 U.S. 825 (1994). (*Id.*, PageID #411.) Also, Mr. Coleman maintains that the Court did not construe the amended complaint in his favor. (*Id.*, PageID #407–08.)

## ANALYSIS

Under Rule 59, a court may alter or amend the judgment where there is a clear error of law, newly discovered evidence, or an intervening change in controlling law or to prevent manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Such relief constitutes an extraordinary remedy reserved for exceptional cases. *Hines v. Commissioner of Soc. Sec.*, 414 F. Supp. 3d 1080, 1081 (S.D. Ohio 2019) (citations omitted). It is not an opportunity to re-argue matters or "to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (quoting *Federal Deposit Ins. Corp. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains the discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004).

The Court reads Mr. Coleman's motion as invoking the third ground for relief under Rule 59. Because of the closeness of the question, the Court has reviewed the record and the parties' briefs again, with the benefit of Mr. Coleman's motion for reconsideration. Based on that (second) careful review, the Court remains of the view that the moving Defendants are entitled to judgment on the pleadings. Contrary to Mr. Coleman's claim, the Court respectfully disagrees that it did not construe the amended complaint in his favor at every opportunity. Where the Court and Mr. Coleman do not see eye to eye is how the pleadings, construed in his favor, fall against the high standard for the claims Mr. Coleman brings against the Ohio Department of Rehabilitation and Correction and the correctional officers. In that regard, the Court sees the amended complaint as pleading negligence, perhaps even recklessness. Such a state of mind would generally satisfy the element of intent for an ordinary tort claim.

But Mr. Coleman does not bring an ordinary tort claim. He proceeds under Section 1983. Although lawyers and judges colloquially refer to this statute as providing a right of action for constitutional torts, such language is neither precise nor technically accurate. Claims under Section 1983 require more than the general tort standard for intent. As relevant here, Section 1983 requires a plaintiff to plead a defendant's subjective state of mind to violate the plaintiff's constitutional rights. Even assuming that Defendants intended (in a tortious sense) to injure Mr. Coleman, that intent differs from the constitutional standard for deliberate indifference. Nothing in the amended complaint pleads or gives rise to an inference that any

3

Defendant intended to deprive Mr. Coleman of a constitutionally protected right. Again, the Court remains of the view that the record presents a close question on this issue. Reasonable people—even reasonable jurists—can disagree about this conclusion.

As for Maderitz Concrete Construction, Plaintiff now recasts his claims as arising under Section 1983. (ECF No. 54, PageID #409–10.) But in his amended complaint, Plaintiff alleges only that Maderitz Concrete Construction acted negligently. (ECF No. 36, PageID #205.) Each time the amended complaint identifies Maderitz Concrete Construction, it claims the company acted negligently or pursuant to some tort duty. (*Id.* ("The Defendant Maderitz Construction Company was negligent by not removing the larger pieces of asphalt from the yard as soon as possible.").) And the amended complaint pleads that Maderitz could be liable for any injuries to inmates due to its negligence. (*Id.*, PageID #206 ("Maderitz assumed the risk that actions or inactions taken by the company could make them liable for injuries received to inmates due to negligence.").) Now, Plaintiff argues that his allegations against "Defendants" collectively include Maderitz Concrete Construction, such that he brings a claim under federal law against it. Setting aside the notice deficiencies under Rule 8 with such a practice, no allegation in the amended complaint—even construed liberally in Plaintiff's favor—suggests that he proceeds under federal law against Maderitz Concrete Construction. Dismissal of the State-law claims against Maderitz Concrete Construction leaves Mr. Coleman free to pursue those claims in State court if he so chooses.

4

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's motion under Rule 59.

**SO ORDERED.**

Dated: November 20, 2025

                        J. Philip Calabrese
                        United States District Judge
                        Northern District of Ohio